PJG SSA R&R (Rev. 01/26)                                                          Annie A.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Annie A.,[1] | ) | C/A No. 0:25-4837-RMG-PJG |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON PLAINTIFF'S APPEAL FROM THE** |
| v. | ) | **SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Commissioner of the Social Security | ) | **SOCIAL SECURITY BENEFITS** |
| Administration, | ) | |
| | ) | ☐ Affirm |
| Defendant. | ) | ☒ Reverse and Remand |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.03 (D.S.C.). The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒     Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  <u>47</u>

☐     Disability Insurance Benefits ("DIB"):  Date last insured:  _____

☐     Other:

Application date:  <u>August 5, 2021</u>

Plaintiff's Year of Birth:  <u>1974</u>

Plaintiff's alleged onset date:  <u>June 1, 2020</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases only by their first names and last initials.

PJG SSA R&R (Rev. 01/26)                                                                                          Annie A.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  April 17, 2024

In applying the requisite five-step sequential process, the ALJ found:

Step 1:          Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:          ☒ Plaintiff has the following severe impairments:

[F]ibromyalgia, osteoarthritis of the right hip, obesity, and mood or adjustment disorder (20 CFR 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:          ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:          Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can frequently engage in pushing and pulling with her bilateral upper and lower extremities. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. She can tolerate occasional exposure to extreme cold, vibration, and to hazards such as unprotected heights and moving machinery. In addition, she can frequently interact with supervisors, coworkers, and the public.

☒ Plaintiff could return to his/her past relevant work as a sales clerk.

Step 5:          ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Alternatively, even if Plaintiff could not return to his/her past relevant work, there are jobs in the national economy that Plaintiff can perform. The following light, unskilled level occupations are representative:

[A] marker (DOT# 209.587-034), with 136,000 jobs in the nation, a router (DOT# 222.587-038), with 25,000 jobs in the nation, and a routing clerk (DOT# 222.687-022), with 117,000 jobs in the nation.

Date of Appeals Council decision:  April 8, 2025

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also

42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## Part V—Issue for Judicial Review

The ALJ's decision must contain an evaluation of all of a claimant's impairments which are supported by the evidence in the case record.  The ALJ failed to properly follow SSR 12-2p, which expressly explains how to evaluate claims involving fibromyalgia.  When the ALJ fails to follow the Commissioner's own ruling by failing to properly evaluate all of [claimant]'s impairments, can the ALJ's decision stand?

(Pl.'s Br., ECF No. 5.)

## Oral Argument:

☐ **Held on** _____.

☒ **Not necessary for recommendation.**

## Summary of Reasons

Plaintiff argues that the ALJ erred in failing to properly consider her fibromyalgia in accordance with applicable law including SSR 12-2p and Arakas v. Commissioner, 983 F.3d 83 (4th Cir. 2020).  The ALJ found that one of Plaintiff's medically determinable impairments included fibromyalgia and that it was a severe impairment.  Fibromyalgia is "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, and nearby soft tissues that has persisted for at least 3 months."  SSR 12-2p, 2012 WL 3104869, at *2.  Further, "[f]ibromyalgia 'symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia.' "  Arakas, 983 F.3d at 91 (quoting Sarchet v. Chater, 78 F.3d 305,

306 (7th Cir. 1996)).  "[P]hysical examinations [of patients with fibromyalgia] will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions."  Arakas, 983 F.3d. at 96 (alterations in original) (citation omitted).  In evaluating the residual functional capacity for claimants with fibromyalgia, an ALJ "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.' "  SSR 12-2p, 2012 WL 3104869, at *6.  Further, SSR 12-2p notes that symptoms of fibromyalgia, such as widespread pain or fatigue, "may result in exertional limitations that prevent a person from doing the full range of unskilled work" and that fibromyalgia claimants "may also have nonexertional physical or mental limitations because of their pain or other symptoms," as well as nonexertional environmental restrictions.  Id.  The United States Court of Appeals for the Fourth Circuit has made it clear that "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia . . . ."  Arakas, 983 F.3d at 97; see also Hultz v. Bisignano, 162 F.4th 111, 114-15 (4th Cir. 2025).  "Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease."  Arakas, 983 F.3d at 97.

Courts in this district have previously found that remand was not warranted on this issue when the ALJ relied on objective evidence in considering a plaintiff's other physical impairments but did not appear to have relied on objective evidence as a basis to discount a plaintiff's subjective reports as to a plaintiff's fibromyalgia.  See, e.g., Sutton v. O'Malley, No. 0:23-CV-4661-CMC, 2024 WL 4100185, at *3 (D.S.C. Sept. 4, 2024); Tanika W. v. Kijakazi, C/A No. 1:22-3691-RMG-SVH, 2023 WL 6050446, at *15-19 (D.S.C. Aug. 23, 2023) (Report & Recommendation), adopted

by 2023 WL 6049982 (D.S.C. Sept. 15, 2023) (finding no error by the ALJ where he did not discount Plaintiff's allegations of disabling fibromyalgia pain based on objective evidence, but considered the inconsistencies between Plaintiff's statements and the record—such as her reports to doctors, her course of treatment, and her daily activities—to support his decision not to credit all of her allegations). Similarly, there is no error where the ALJ considered the objective evidence as evidence substantiating a plaintiff's fibromyalgia. Barbara S. v. Kijakazi, No.1:22-cv-00127-JD-SVH, 2022 WL 3005386, at *9-13 (D.S.C. June 15, 2022), adopted by, 2022 WL 2990763 (D.S.C. July 28, 2022) (affirming the ALJ's evaluation of claimant's fibromyalgia-related symptoms where the ALJ considered the objective evidence in Plaintiff's favor but focused on Plaintiff's failure to follow treatment or follow up on treatment as well as her activities of daily living).

However, unlike those cases, the ALJ in this matter explicitly, and repeatedly, relied on the lack of objective evidence as a reason to discount Plaintiff's subjective complaints, even as to her fibromyalgia. For example, the ALJ acknowledged Plaintiff's allegations of physical and mental impairments related to her fibromyalgia, osteoarthritis of the right hip, obesity, and mood or adjustment disorder. He observed her allegations of severe pain symptoms in multiple joints and reported mobility deficits and detailed her purported specific physical and mental limitations. However, the ALJ found,

> [d]espite these allegations, the evidence indicates she maintains the ability to perform numerous tasks including attending to her personal care needs, preparing meals, performing household duties, watching TV, going outside, talking on the phone, texting, shopping in stores, paying bills, spending time with family, and visiting with others (Hearing Testimony & Ex. D7E; D5F; D11F). Overall, the undersigned finds that although the claimant may have limits in the type of work she can perform, the *objective findings below* do not support the claimant's allegations of an inability to do all work.

(Tr. 30) (emphasis added). The ALJ then proceeded to discuss the medical records, and primarily focused on the lack of objective medical evidence. The only time the ALJ specifically addresses Plaintiff's fibromyalgia diagnosis, he states the following:

> Overall, the claimant carries a diagnosis of fibromyalgia, but is consistently noted as noncompliant with the recommended course of care, taking only muscle relaxers for this condition while refusing other medications and being refused narcotics. Regardless, physical examinations only occasionally yield tender point findings and muscle tension. Often, her examinations remain fully within normal limits with no acute distress. At hearing, she testified that she was not on any medications for this condition at present.

(Tr. 31.) Again, the ALJ focused on the lack of objective findings, which is contrary to the binding authority in this circuit. Moreover, as the Fourth Circuit has observed, "physical examinations of fibromyalgia patients [do] not produce clinical and laboratory abnormalities, and usually yield[] a full range of motion, no joint swelling, and normal muscle strength and neurological reactions." Hultz, 162 F.4th at 121. Furthermore, the remaining objective evidence cited arguably supports Plaintiff's allegations of pain.[2] See Arakas, 983 F.3d at 96-97 (observing courts' recognition that trigger-point findings are objective evidence of fibromyalgia with one court indicating they are the only objective sign of it); id. at 102 (noting "narcotic painkillers are not recommended, because they can lead to significant side effects and dependence and will worsen the pain over time") (internal quotation marks and citations omitted).

The ALJ also discussed and evaluated opinion evidence from a variety of sources, as well as a prior disability claim. In conclusion, the ALJ stated that the Plaintiff's "medically

_____

[2] Additionally, as pointed out by Plaintiff, it is unclear what evidence in the record supports his statement that Plaintiff was "consistently noted as noncompliant with the recommended course of care, taking only muscle relaxers for this condition while refusing other medications and being refused narcotics." (Tr. 31); (but see, e.g., Tr. 62-63 (Plaintiff's testimony that she was taken off her medication to prevent possible addiction); Tr. 709-11 (indicating the benefits of an opioid do not outweigh the risk of harm and that Plaintiff cannot tolerate NSAIDs; reporting that "gabapentin resulted in hallucinations" and "cymbalta and amitriptyline [were] ineffective").

determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are less than fully persuasive to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 34.) The ALJ continued, again emphasizing his reliance on the objective medical evidence as follows:

> In sum, the above residual functional capacity assessment is supported by the objective medical evidence contained in the record. Treatment notes in the record do not sustain the claimant's allegations of a disabling impairment. The persuasiveness of the claimant's allegations is weakened by inconsistencies between her allegations and the medical evidence of record. The undersigned finds that the claimant experienced some limitations but only to the extent described in the residual functional capacity above.

(Id.) At no point in the decision does the ALJ suggest or acknowledge the subjective nature of fibromyalgia or of the requirements of SSR 12-2p, which further supports remanding this matter for further consideration and explanation by the ALJ.

Based on the foregoing, the court finds that this matter should be remanded to properly consider Plaintiff's fibromyalgia in accordance with applicable law including SSR 12-2p and Arakas v. Commissioner, 983 F.3d 83 (4th Cir. 2020).

PJG SSA R&R (Rev. 01/26)                                                                                    Annie A.

## RECOMMENDATION

It is recommended that this matter be

☐     **Affirmed.   Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

April 28, 2026                              Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

PJG SSA R&R (Rev. 01/26)                                                                      Annie A.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).