## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Annie Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 0:25-4837-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 28, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings because the Administrative Law Judge's failure to adhere to the requirements of SSR 12-2p in evaluating Plaintiff's claim of disability related to fibromyalgia. (Dkt. No. 10). No party filed timely objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further action consistent with this order.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

-1-

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

The Administrative Law Judge ("ALJ") found that Plaintiff suffered from the following severe impairments: fibromyalgia, osteoarthritis of the right hip, obesity, and mood or adjustment disorder. Nonetheless, the ALJ found that Plaintiff maintained the residual functional capacity ("RFC") for less than the full scope of light work. In making this RFC determination, the ALJ repeatedly challenged Plaintiff's subjective complaints of symptoms allegedly related to her

fibromyalgia against the objective evidence in the record, in clear violation of SSR 12-2p and the Fourth Circuit's holding in *Arakas v. Commissioner.*, 983 F.3d 83 (4th Cir. 2020).

The Magistrate Judge ably summarized the factual and legal issues in this appeal and correctly concluded that the decision of the Commissioner should be reversed and remanded to the agency to comply with the standards set forth in SSR 12-2p and *Arakas* for the evaluation of a claim of disability based upon fibromyalgia..

### Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the order of the Court.  The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g). The Court remands the matter to the agency for further action consistent with this order

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 13, 2026

-3-